Cause No








 

Cause
No. 14-06-00792-CV, Dismissed for Lack of Jurisdiction; Cause No. 14-06-00635
Petition for Writ of Mandamus Conditionally Granted and Opinion filed November
7, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

_________

 

NO. 14-06-00635-CV

____________

 

IN RE JIM WALTER HOMES, INC., Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

NO. 14-06-00792-CV

____________

 

IN RE SARAH CRYER, INDIVIDUALLY AND ON

BEHALF OF MILDRED WOOTAN, Relators

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

 

 

 

 








  O P I N
I O N

In this
original proceeding, relator, Jim Walter Homes, Inc., seeks a
writ of mandamus ordering respondent, the Honorable Robert May, presiding judge
of the 149th Judicial District Court of Brazoria County, Texas, to vacate the
portion of his June 16, 2006 order that denied arbitration.  Real parties Sarah
Cryer, individually and on behalf of Mildred Wooten (collectively Aplaintiffs@), also seek a writ of mandamus. 
Plaintiffs, however, request that the court be ordered to vacate the portion of
the June 16 order that compelled arbitration.  We have reviewed the arbitration
clause and hold that arbitration of all the claims plaintiffs have asserted
against Jim Walter Homes is required, so we conditionally grant Jim Walter
Homes=s petition.  Because we are without
jurisdiction to review an order compelling arbitration under the Federal
Arbitration Act, we dismiss plaintiffs= petition for lack of jurisdiction.

                                                                 I. 
Background

Plaintiffs
contracted with Jim Walter Homes to build a home.  The contract between
plaintiffs and Jim Walter Homes contains a broad arbitration clause that
plaintiffs and Jim Walter Homes independently executed.  The arbitration clause
provides:

The parties agree that any controversy (whether
asserted as an original claim, counterclaim, cross claim or otherwise) arising
out of or relating to this Agreement, or the breach thereof, or any
negotiations leading up to the making of this Agreement, or any extensions of
credit related to this Agreement, or the House that is the subject of this
Agreement, or any insurance sold under or in connection with this Agreement, or
any relationship resulting from any of the foregoing, whether asserted in tort,
contract or warranty, or as a federal or state statutory claim, and whether
arising before, during or after the performance of this Agreement, shall be
settled under this Arbitration Agreement in accordance with the procedures
specified below.








Jim Walter Homes Exhibit AD@ Arbitration Agreement.

Plaintiffs
were dissatisfied with the home that Jim Walter Homes built.  They filed suit
against Jim Walter Homes, alleging the home was defective.  Plaintiffs
specifically claimed that Jim Walter Homes made errors in framing the home,
with the result that the home=s foundation was Aextremely defective@and the home itself was Awholly defective.@  Plaintiffs also claimed that the
repairs that Jim Walter Homes eventually made to the home were defective and
that both plaintiffs were physically injured because of Jim Walter Homes=s negligent repair efforts.[1] 
Based on these factual allegations, plaintiffs asserted claims for breach of
contract, violation of the Deceptive Trade Practices Act (ADTPA@), fraud, negligence, negligent misrepresentation,
and negligent hiring and supervision.  Among other things, plaintiffs sought
damages for personal injury. 

Jim
Walter Homes moved to compel arbitration of all of plaintiffs= claims under the Federal Arbitration
Act, 9 U.S.C. '' 1B16 (AFAA@).  After conducting a hearing, but
without receiving evidence, the trial court ordered arbitration of all
contract-related claims, but held that the claims for personal injury were not
arbitrable.  The trial court also stayed all proceedings pending arbitration of
the contract claims.  Jim Walter Homes filed a petition for mandamus relief
challenging this ruling, arguing that the court should have referred all
of plaintiffs= claims to arbitration.  Plaintiffs responded, but also filed their own
petition for writ of mandamus, claiming that none of their claims should
be referred to arbitration.

                                                                   II. 
Analysis








We have
jurisdiction to review the trial court=s denial of arbitration, though not
the order compelling arbitration.  In reviewing the denial of arbitration, we
address Plaintiffs= claims that (1) mandamus is not the appropriate method
for review of the trial court=s order; (2) the trial court erred by failing to conduct an
evidentiary hearing; (3) the Jim Walter Homes limited warranty negates the
arbitration clause; (4) Jim Walter Homes has waived its right to arbitrate; and
(5) Jim Walter Homes=s petition should be barred by laches or Aunclean hands.@ 

A.        Jurisdiction to Review
Arbitration Rulings

We first
address our jurisdiction to review orders on arbitration under the Federal
Arbitration Act.  Orders ruling on arbitration are typically interlocutory and
often fail to give rise to a final judgment. Courts have therefore developed
rules governing review of these orders.  When a case involves the Federal Arbitration
Act, orders denying motions to compel arbitration are reviewable via mandamus,
while orders compelling arbitration are not.  See In re Palacios,
__S.W.3d__, No. 05-0038, 2006 WL 1791683, at *1B2 (Tex. June 30, 2006).  As the Texas
Supreme Court recently stated:

We recognize there is some one‑sidedness in
reviewing only orders that deny arbitration, but not orders that compel it. Yet
both the Federal and Texas acts leave little uncertainty that this is precisely
what the respective legislatures intended.

Id. at *2.    








In this
case, the trial court ordered arbitration of some claims but not others, then
stayed proceedings pending arbitration.  The court=s order is not final and appealable,
but is unquestionably reviewable by mandamus.  See Jack B. Anglin Co., Inc.
v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992). (AAn order denying arbitration under
the Federal Act meets neither the rule [of finality] nor the statutory
exceptions [for interlocutory appeals].@).[2] 
As the supreme court noted in Palacios, A[w]e have held recently and repeatedly
that an order denying arbitration under the FAA is reviewable by mandamus.@ 2006 WL 1791683, at *1, (citing In
re Weekley Homes, L.P., 180 S.W.3d 127, 130 (Tex. 2005) and In re Nexion
Health at Humble, Inc., 173 S.W.3d 67, 69‑70 (Tex.2005)).  Clearly,
we may review via a mandamus proceeding the trial court=s denial of arbitration.[3]

By
contrast, we do not have jurisdiction to review the trial court=s order compelling arbitration.  Palacios,
2006 WL 1791683, at *1B2.  Orders compelling arbitration under the FAA ordinarily
are not reviewable, by mandamus or otherwise, until a judgment has become
final.  See id.  As the supreme court explained, state appellate courts,
like federal courts, typically do not have jurisdiction to review an order
staying proceedings and compelling arbitration.   The court reasoned that, even
given the state court mandamus procedure, we must follow the United States
Supreme Court=s holding that orders compelling arbitration are not reviewable because,
where the underlying case is stayed, Athere can be no review until final
judgment.@  Id. (citing Green Tree Fin. Corp. v. Randolph, 531 U.S.
79, 87 (2000)).[4] 








Following
Palacios, we dismiss plaintiffs= petition for mandamus for lack of
jurisdiction.  The trial court stayed the underlying proceedings pending final
judgment, so there is no right of mandamus review for the order compelling
arbitration.  Palacios, 2006 WL 1791683, at *1B2.  In addition, there has been no
showing that the trial court erred by granting the stay of proceedings pending
arbitration, and given our disposition of plaintiffs= remaining claims, such a showing
cannot be made on the facts presently before us.

B.        Plaintiffs= Claims Are Arbitrable.

A party
seeking to compel arbitration by a writ of mandamus must (1) establish the
existence of a valid agreement to arbitrate under the FAA, and (2) show that
the claims in dispute are within the scope of the agreement.  In re Kellogg
Brown & Root, Inc., 166 S.W.3d 732, 737 (Tex. 2005) (orig.
proceeding).  AWhether a valid arbitration agreement exists is a legal question subject
to de novo review.@  In re D. Wilson Constr. Co., 196 S.W.3d 774, 781
(Tex. 2006).  AOnce the movant establishes an agreement, the court must then determine
whether the arbitration agreement covers the nonmovants= claims.@  In re FirstMerit Bank, N.A.,
52 S.W.3d 749, 753 (Tex. 2001).  To determine whether an existing arbitration
agreement covers a party=s claims, a court must Afocus on the complaint=s factual allegations rather than the
legal causes of action asserted.@  Id. at 754.  Of course,
questions of scope are controlled by the strong federal presumption favoring
arbitration, which requires a court to resolve any doubts about scope in favor
of arbitration.  Id. at 753.








All of
plaintiffs= claims relate to their Adefective home@ factual allegations, and accordingly
fall within the scope of the broad arbitration clause plaintiffs signed. 
Courts recognize the use of Aany@ dispute Aarising out of or relating to@ as broad language that expressly
includes tort and other claims relating to the contractual relationship.  See
Dewey v. Wegner, 138 S.W.3d 591, 601 & n.20 (Tex. App.CHouston [14th Dist.] 2004, orig.
proceeding) (recognizing this language as Abroad@ and holding statutory and tort
claims arbitrable where they related to the agreement containing the
arbitration clause); see also FirstMerit, 52 S.W.3d at 754
(holding tort claims arbitrable under arbitration clause that expressly applied
to tort claims).  It is difficult to imagine that the arbitration clause at
issue here could be any broader.  By its express terms, the clause requires
arbitration of claims arising out of or relating to Athe House that is the subject of this
Agreement,@ whether those claims are Aasserted in tort, contract or
warranty . . . .@  This language obviously applies to plaintiffs= claims, even those involving
personal injury.  On this basis, the trial court should have ordered
arbitration of all claims, because A[o]nce the trial court concludes that
the arbitration agreement encompasses the claims . . . [it] has no discretion
but to compel arbitration and stay its own proceedings.@ FirstMerit, 52 S.W.3d at 753B54.  

The
trial court abused its discretion by refusing to send the claims for personal
injury to arbitration, because there was no legal basis for excluding those
claims from arbitration.  The trial court may have believed that this case was
subject to the Texas Arbitration Act (ATAA@), which provides that Aa claim for personal injury@ need not be arbitrated except when
certain procedural requisites have been met.  See Tex. Civ. Prac. & Rem. Code '' 171.002(a)(3) & (b).[5]


Any
reliance on the TAA in this case is unwarranted.  Here, the parties expressly
agreed to be bound by the FAA, disavowing any state act that threatened the
written terms of the parties= agreement.  See Jim Walter Homes Exhibit AD@ (agreeing that disputes shall be
submitted to arbitration Apursuant to the Federal Arbitration Act, 9 U.S.C. ' 1 et seq. (or any applicable
state Arbitration Act, if the state Arbitration Act will in fact enforce the
provisions hereof)@).  Courts honor the parties= agreement to be bound by the FAA,
upholding choice‑of‑law provisions providing for application of the
FAA.  See In re Kellogg Brown & Root, 80 S.W.3d 611, 617 (Tex. App.CHouston [1st Dist.] 2002, orig.
proceeding) (applying FAA where agreement expressly invoked it); In re Alamo
Lumber Co., 23 S.W.3d 577, 579 (Tex. App.CSan Antonio 2000, orig. proceeding)
(same).








This
case additionally involves interstate commerce.  Jim Walter Homes is a Florida
corporation and the parties expressly acknowledged that the contract required
interstate activity and affected interstate commerce.  See FirstMerit,
52 S.W.3d at 754 (interstate commerce was involved where parties were from
different states, and parties had also expressly agreed that interstate
commerce was involved).  Because this case involves interstate commerce, the
FAA would preempt the TAA=s more restrictive provisions in the event of a conflict.  See
D. Wilson, 196 S.W.3d at 780.[6]  The TAA=s provision exempting personal injury
claims from arbitration accordingly does not apply in this case.

The
trial court abused its discretion by refusing to send personal injury claims to
arbitration.  All of the claims that plaintiffs have asserted are arbitrable
under the broad arbitration clause that plaintiffs entered when they contracted
with Jim Walter Homes to build a home. 

C.        An evidentiary hearing was
not necessary.








Plaintiffs
argue that arbitration cannot be ordered in the absence of an evidentiary
hearing.  This is not the law.  A court is not required to conduct an
evidentiary hearing before compelling arbitration in every case.  Rather, a
trial court may summarily decide whether to compel arbitration on the basis of
affidavits, pleadings, discovery, and stipulations.  See Tipps, 842
S.W.2d at 269.  This court has explained the procedure that courts should
follow when faced with a motion to compel arbitration, as Aessentially a motion for summary
judgment, subject to the same evidentiary standards.@ In re Jebbia, 26 S.W.3d 753,
756B57 (Tex. App.CHouston [14th Dist.] 2000, orig.
proceeding).  The party alleging an arbitration agreement must present Acomplete summary proof of his >case‑in‑chief=@ that an agreement to arbitrate
requires arbitration of the dispute.  Id.  Once this is accomplished,
the party resisting arbitration may raise an issue of material fact about his
opponent=s proof or present some evidence
supporting every element of a defensive claim that there is no enforceable
agreement to arbitrate.  Id.  Only if a material issue of fact is raised
is an evidentiary hearing necessary.   See id.; Tipps, 842 S.W.2d
at 269.

Jim
Walter Homes properly moved to compel arbitration in this case.  Jim Walter
Homes supported its motion by affidavit and attached an authenticated copy of
the agreement containing the arbitration clause, which had been executed by
both Jim Walter Homes and plaintiffs.  Jim Walter Homes further established by
affidavit that the transaction involved interstate commerce and was accordingly
governed by the FAA.  Jim Walter Homes also showed that plaintiffs= factual allegations and claims fell
within the scope of the broad agreement to arbitrate.  Jim Walter Homes has
included these materials in the record supporting its petition for mandamus and
has met its burden of presenting evidence of an arbitration agreement that
governs the dispute between the parties.

1.         The limited warranty does
not negate the arbitration clause.

In
response, plaintiffs have failed to raise a fact issue or a valid defense. 
Plaintiffs contend the limited warranty renders the contract ambiguous and
requires an evidentiary hearing.  The limited warranty is standard and excludes
liability for Abodily injury@ or damage to real or personal property other than the home
itself.  The warranty further provides that it Asupersedes and controls all other
contract documents, discussions and representations.@  Plaintiffs rely on this language to
argue that they have no obligation to arbitrate.[7]








The
construction of a contract to determine whether it is ambiguous is a question
of law.  See D. Wilson, 196 S.W.3d at 781.  A contract is ambiguous only
if it is subject to two or more reasonable interpretations after applying the
pertinent rules of construction. Id.  When interpreting a contract, we
must ascertain and give effect to the intent of the parties as that intent is
expressed in the contract. Gulf Ins. Co. v. Burns Motors, Inc. 22 S.W.3d
417, 423 (Tex. 2000).  We must Aexamine and consider the entire writing in an effort to
harmonize and give effect to all the provisions of the contract so that none
will be rendered meaningless.  No single provision taken alone will be given
controlling effect; rather, all the provisions must be considered with
reference to the whole instrument.@  Seagull Energy E&P, Inc. v.
Eland Energy, Inc., No. 04-0662, __S.W.3d__, 2006 WL 1651684, at *2 (Tex.
Jun. 16, 2006) (citations omitted).  If the contract can be given a definite or
certain legal meaning, it is unambiguous and we construe it as a matter of
law.  Frost Nat. Bank v. L&F Distributors, Ltd., 165 S.W.3d 310, 312
(Tex. 1996).








In this
case, a review of the limited warranty=s language shows that the warranty
does not create an ambiguity about the obligation to arbitrate.  The limited
warranty simply states that bodily injury and other damages are excluded from
warranty coverage.  The warranty provides that the warranty does not cover A[b]odily injury, damages to personal
property, damage to real property which is not part of the home you are
purchasing and any other incidental or consequential damages.@  The intent of this language is to
limit Jim Walter Homes=s warranty liability to actual damages arising from the home
itself.  The warranty provision does not purport to do anything else, and no
part of the warranty provision conflicts with the obligation to arbitrate,
which itself applies to Aany controversy . . . arising out of or relating to this
Agreement . . . .@ The fact that the warranty provides that it Asupersedes and controls all other
contract documents@does not change this analysis.  This language provides that
the warranty controls only Awith respect to all matters addressed herein,@ i.e., the terms of the warranty
itself. 

The
language of the limited warranty and the arbitration clause do not conflict. 
They are not susceptible to more than one reasonable interpretation and
accordingly are not ambiguous.  See D. Wilson, 196 S.W.3d at 782
(reconciling arbitration clause with other contractual language as a matter of
law).  Because there is only one reasonable interpretation of the contract, the
trial court properly construed it as a matter of law. See Frost Nat. Bank,
165 S.W.3d at 313.  No evidentiary hearing was necessary.

2.         Jim
Walter Homes did not waive its right to arbitrate.

Plaintiffs
also contend that the trial court erred by refusing to provide an evidentiary
hearing concerning their claim that Jim Walter Homes has waived its right to
arbitrate.  Waiver occurs only where Aa party has acted inconsistently with
its right to arbitrate and such actions prejudiced the other party.@ In re Oakwood Homes, 987
S.W.2d 571, 574 (Tex. 1999).  There is a strong presumption against waiver
under the FAA.  In re Vesta Ins. Group, Inc., 192 S.W.3d 759, 762
(Tex.2006) (per curiam).  AMerely taking part in litigation is not enough unless a party
>has substantially invoked the
judicial process to its opponent=s detriment.=@ Id.  (quoting In re Serv.
Corp. Int=l, 85 S.W.3d 171, 174 (Tex.2002)). 

In the
district court, plaintiffs claimed that Jim Walter Homes waived its right to
arbitrate by failing to respond to letters requesting arbitration that
plaintiffs sent to Jim Walter Homes during the building process.  The Texas
Supreme Court has expressly held that a party=s failure to respond to
correspondence requesting arbitration does not establish waiver.  Oakwood,
987 S.W.2d at 574 (rejecting claim that failure to respond to letters
requesting arbitration established waiver).  Plaintiffs= waiver argument accordingly failed
to raise a fact issue on waiver that required an evidentiary hearing.








Plaintiffs
additionally claim that Jim Walter Homes has waived its right to arbitrate for
the following reasons: it delayed in filing the petition for mandamus; it
refused to pay its portion of the arbitration fee; and it filed a motion to
dismiss the arbitration that plaintiffs had filed pursuant to the court=s order.  A review of plaintiffs= supplemental record does not
establish that Jim Walter Homes has resisted arbitration, or any grounds upon
which it may have resisted.  It is possible, for example, that Jim Walter Homes
was resisting arbitration only until all of the claims against it were referred
to arbitration, or until this court could hear its petition for mandamus.  In
light of the fact that Jim Walter Homes moved to compel arbitration and
currently petitions for mandamus to protect its arbitration rights, none of the
actions of which plaintiffs complain are inconsistent with Jim Walter Homes=s right to arbitrate.  Whatever Jim
Walter Homes=s reasons for resisting the arbitration that plaintiffs initiated,
plaintiffs have not established that it acted in a manner inconsistent with its
right to arbitrate.  See, e.g., Vesta, 192 S.W.3d at 763 (holding that
even litigating a case in the trial court for two years failed to demonstrate
sufficient prejudice to overcome the strong presumption against waiver).

D.        Review is not barred by
unclean hands or laches.








Plaintiffs
also contend that mandamus should not issue because Jim Walter Homes allegedly
has Aunclean hands.@ Although mandamus is a legal remedy,
it is governed by equitable principles, so Athe doctrine of unclean hands has
been used to deny issuance of the writ.@  See Axelson, Inc. v.
McIlhany,  798 S.W.2d 550, 552 (Tex. 1990) (noting use of doctrine but
refusing to apply it).  Whether to apply the doctrine or not is committed to a
court=s discretion.  Thomas v. McNair,
882 S.W.2d 870, 880B81 (Tex. App.CCorpus Christi 1994, no writ).  The doctrine will be applied
only to Aone whose own conduct in connection
with the same matter or transaction has been unconscientious, unjust, or marked
by a want of good faith, or one who has violated the principles of equity and
righteous dealing.@ Id.  In addition, the complaining party must show an
injury to himself arising from the conduct. Id.  AThe clean hands maxim should not be
applied when the defendants have not been seriously harmed and the wrong
complained of can be corrected without applying the doctrine.@ Id. 

It is
unclear precisely what conduct plaintiffs claim constitutes Aunclean hands.@  Plaintiffs make several conclusory
statements about Agamesmanship,@ but include few specific factual complaints.  Plaintiffs
specifically claim only that Jim Walter Homes failed to apprise this court of
an earlier hearing on the motion to compel where no record was made; Jim Walter
Homes objected to and refused to present subpoenaed witnesses at the hearing;
Jim Walter Homes complained to plaintiffs= attorney about the alleged
suspension of his law license, when in fact his license had not been suspended;
and plaintiffs= counsel did not receive notice of the filing of the draft order on the
motion to compel or some objections Jim Walter Homes filed to a request for an
in camera inspection of unspecified documents.

Plaintiffs
have not made a credible case for invoking the doctrine of unclean hands.  They
do not complain of behavior that is obviously unjust or that demonstrates a
lack of good faith.  Some of the conduct about which they complainCfor example, the refusal to put on
witnesses at the hearingCwas not inappropriate and cannot form the basis of a
complaint about unclean hands.  See, e.g., Knight v. Volkart, No.
13-01-00858-CV, 2002 WL 31623580, at *8 (Tex. App.CCorpus Christi Nov. 21, 2002, no
writ) (holding that conduct that was based on a correct legal position did not
constitute unclean hands). Other alleged conduct, such as the allegation about
plaintiffs= counsel=s law license, does not relate directly to the subject of this mandamus
proceeding and accordingly is not relevant.  See Axelson, 798 S.W.2d at
552. Plaintiffs have also failed to make any showing that they were seriously
harmed.[8]  They are
complaining about the ordinary activities and possible misunderstandings of
litigation, and without more, there is no basis for invoking the unclean hands
doctrine.








Plaintiffs
further contend that Jim Walter Homes did not timely file its petition for
mandamus.  Here, the trial court heard the motion to compel on May 26, 2006,
and issued a formal ruling on the motion on June 16, 2006.  Jim Walter Homes
filed its petition for mandamus seven weeks later, on  August 4, 2006. 
Plaintiffs have no authority for the proposition that Jim Walter Homes=s petition is untimely.  See
Rivercenter Assoc. v. Rivera, 858 S.W.2d 366, 367 (Tex. 1993) (denying
review on basis of four month delay in filing mandamus without reason); In
re Xeller, 6 S.W.3d 618, 624 (Tex. App.CHouston [14th Dist.] 1999, orig.
proceeding) (denying review on basis of delay where sixteen months passed
between the ruling about which relator=s complained and filing of petition). 
In addition, although it is unclear whether a showing of prejudice is necessary
to complain of timeliness, plaintiffs have not established any prejudice
arising from the short delay in filing.[9] 

                                                                III. 
Conclusion    

For the foregoing
reasons, we conditionally grant Jim Walter Homes=s petition for
mandamus[10]
and dismiss plaintiffs= petition for mandamus for lack of
jurisdiction.  

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

Petition Conditionally Granted and
Opinion filed November 7, 2006.

Panel consists of Justices Fowler,
Edelman, and Frost.









[1]Plaintiffs claimed that Cryer fell through a section
of removed flooring, suffering injury to Aher
wrist, back and body generally,@and that Wooten
injured her arm when a kitchen cabinet door fell off its hinges.





[2]Contrary to plaintiffs= claims, it is not necessary for Jim Walter Homes to establish an
inadequate remedy by appeal.  Orders denying arbitration are reviewable by
mandamus because the supreme court has held as a matter of law that there is no
adequate appellate remedy when a party A
would be deprived of the benefits of the arbitration clause it contracted for .
. . .@  Tipps, 842 S.W.2d at 272.





[3]Plaintiffs=
claim that Jim Walter Homes failed to comply with appellate deadlines ignores
the fact that Jim Walter Homes could not have filed an ordinary appeal from the
court=s order.  Ordinary appellate deadlines did not apply
because the court=s order was interlocutory.





[4]The court recognized only a limited exception to this
general rule, holding that mandamus review would be appropriate only if a party
Acan meet a >particularly
heavy= mandamus burden to show >clearly and indisputably that the district court did
not have the discretion to stay the proceedings pending arbitration.=@ Palacios, 2006 WL 1791683, at *1B2 (quoting Apache Bohai Corp., LDC v. Texaco China,
B.V., 330 F.3d 307, 310B11 (5th Cir.
2003)).





[5]Plaintiffs argued below that the personal injury
claims could not be arbitrated under Texas law.





[6]AThe FAA preempts the TAA if: (1) the agreement is in
writing, (2) it involves interstate commerce, (3) it can withstand scrutiny
under traditional contract defenses [under state law], and (4) state law
affects the enforceability of the agreement.@  D.
Wilson, 196 S.W.3d at 780.





[7]The precise interpretation of the contract that
plaintiffs urge is not clear.  At times, they seem to contend that their claims
are covered only by the limited warranty, and not by the contract at large,
perhaps reasoning that they have no obligation to arbitrate because there is no
arbitration clause in the limited warranty.  Other times, however, plaintiffs
seem to argue that the limited warranty Aoverrides@ the arbitration clause, perhaps by excluding all
claims for bodily injury from the contract.  As explained above, neither
argument is reasonable because the arbitration clause and the limited warranty
do not conflict.





[8]Plaintiffs=
argument that their appellate deadline lapsed is legally incorrect.  Because
the court=s order was not a final judgment, appellate deadlines
did not run.  See Tipps, 842 S.W.2d 269.  Plaintiffs have accordingly
suffered no prejudice from failing to meet non-existent deadlines.





[9]Contrary to plaintiffs= claim, the petition for mandamus was filed prior to the expiration of
the 60 day deadline that the trial court imposed on them to commence
arbitration.





[10]The mandamus will issue only if the trial court fails
to modify its order to comport with this opinion.