Petition for Writ of Mandamus Denied and Memorandum Opinion filed May
20, 2008








 

Petition
for Writ of Mandamus Denied and Memorandum Opinion filed May 20, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00226-CV

____________

 

IN RE UNIVERSAL FINANCES CONSULTING GROUP, INC.,
ZHUODAO ZHAO, JOHN J. DUNN, and UNIVERSAL MED-HEALTH SERVICES INC., Relators

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

On March
24, 2008, relators, Universal Finances Consulting Group, Inc.,
Zhuodao Zhao, John J. Dunn, and Universal Med-Health Services, Inc., filed a
petition for writ of mandamus in this court.  See Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004); see also
Tex. R. App. P. 52.  In the petition, relators ask this court to compel the
Honorable Tony Lindsay, presiding judge of the 280th District Court of Harris
County, to vacate her order denying their amended motion to compel arbitration
and to stay the trial court proceedings.  








On
August 16, 2007, real party in interest, Bill Cargill, filed suit against relators
for the return of money he had advanced under a purported escrow agreement to
obtain a standby letter of credit to fund the operations of Agri Dynamic
Technology, S.A. de C.V., a Mexican corporation formed for agricultural
reclamation and development in Mexico.  Relying on an arbitration provision
contained in an asset purchase agreement that was referenced in the escrow
agreement, relators filed a motion to compel arbitration and an amended motion
for arbitration.  After a hearing, respondent denied relators= amended motion to compel arbitration
because the Amotion is not supported by Defendants [sic] pleadings and . . .
Defendants have failed to provide competent evidence in support of their motion
that establishes that there is a valid arbitration agreement, . . .@

To
obtain mandamus relief, the relator must demonstrate that (1) the trial court
clearly abused its discretion; and (2) there is no adequate remedy by appeal.  In
re Sw. Bell Tele. Co., 226 S.W.3d 400, 403 (Tex. 2007) (orig. proceeding). 
The trial court abuses its discretion if it reaches a decision that constitutes
a clear and prejudicial error of law.  Walker v. Packer, 827 S.W.2d 833,
839 (Tex. 1992) (orig. proceeding).  As to factual matters, the relator must
establish that the trial court could have reached only one decision.  Id.
at 840. 

The
party seeking to compel arbitration under the FAA must establish that (1) a
valid arbitration agreement exists, and (2) the claims at issue fall within
that agreement=s scope.  In re Dillard Dep=t Stores, Inc., 186 S.W.3d 514, 515 (Tex. 2006)
(orig. proceeding) (per curiam).  Whether a valid arbitration agreement exists
is a legal question subject to de novo review.  In re D. Wilson Constr. Co.,
196 S.W.3d 774, 781 (Tex. 2006).  

Cargill
objected that the escrow agreement and the asset purchase agreement are not
authenticated and, therefore, are not competent evidence of an agreement to
arbitrate.  No presumption of arbitrability arises until the court has found
that there is an enforceable arbitration agreement.  In re Jebbia, 26
S.W.3d 753, 757 (Tex. App.CHouston [14th Dist.] 2000, orig. proceeding).  To compel
arbitration on a summary motion, a trial court must first determine as a matter
of law that the parties have agreed to arbitrate.  Id. (citing Jack
B. Anglin Co. v. Tipps, 842 S.W.2d 266, 269 (Tex. 1992) (orig.
proceeding)).  








The
evidentiary standards for a motion to compel arbitration are the same as for a
motion for summary judgment.  TMI, Inc. v. Brooks, 225 S.W.3d 783, 794
(Tex. App.CHouston [14th Dist.] 2007, pet. denied) (op. on reh=g).  Under the summary judgment
standard, copies of documents must be authenticated in order to constitute
competent summary judgment evidence.  Republic Nat=l Leasing Corp. v. Schindler, 717 S.W.2d 606, 607 (Tex. 1986)
(per curiam).  A properly sworn affidavit stating that the attached documents
are true and correct copies of the original authenticates the copies so they
may be considered as summary judgment evidence.  Id.  

Here, no
affidavit was submitted with either the motion to compel or the amended motion
to compel authenticating the escrow agreement or the asset purchase agreement. 
We conclude that there is no competent evidence of an agreement to arbitrate. 
Because respondent could not have properly considered the escrow agreement or
the asset purchase agreement, she did not abuse her discretion by denying
relators= amended motion to compel
arbitration.  

Relators
have not established their entitlement to the extraordinary relief of a writ of
mandamus.  Accordingly, we deny relators= petition for writ of mandamus.

 

PER CURIAM

 

Petition Denied and Memorandum
Opinion filed May 20, 2008.

Panel consists of Chief Justice
Hedges and Justices Boyce and Hudson.[1]









            [1]  Senior Justice
J. Harvey Hudson sitting by assignment.