

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| ALORICA AND ALORICA, INC., | § | No. 08-18-00158-CV |
| Appellants, | § | Appeal from the |
| v. | § | 243rd District Court |
| ELVIA JASSO, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2018-DCV-1535) |
| | § | |

# O R D E R

Pending before the Court is Appellant's motion to stay proceedings in the trial court pending resolution of its interlocutory appeal from the trial court's order denying a motion to compel arbitration. Appellee, Elvia Jasso, opposes the motion because she claims the trial court did not sign the order denying the motion to compel arbitration and the trial court did not conduct a hearing on the merits of the motion before ruling.

The Court denied Jasso's motion to dismiss the appeal for lack of jurisdiction based on her argument that the motion was not signed. Appellant presented evidence showing that the trial court stamped the word "DENIED" on the signature line of the proposed order. This is sufficient to show that the trial court denied the motion to compel arbitration.

Jasso also argues that the motion to stay proceedings should not be granted because it will prevent the trial court from granting Jasso's request to conduct a hearing on the merits of the motion to compel arbitration. A party opposing arbitration is not automatically entitled to an

1

evidentiary hearing on the motion to compel arbitration. Motions to compel arbitration are ordinarily decided in summary proceedings "on the basis of affidavits, pleadings, discovery, and stipulations." *Kmart Stores of Texas L.L.C. v. Ramirez*, 510 S.W.3d 559, 565 (Tex.App.--El Paso 2016, pet. denied), *quoting Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 269 (Tex. 1992). A summary motion to compel arbitration is essentially a motion for partial summary judgment, subject to the same evidentiary standards. *In re Jebbia*, 26 S.W.3d 753, 756-57 (Tex.App.--Houston [14th Dist.] 2000, orig. proceeding); *see Jack B. Anglin*, 842 S.W.2d at 269; *Kmart Stores of Texas*, 510 S.W.3d at 565. If a party opposing the motion to compel arbitration denies the existence of the agreement, the court is required to summarily determine that issue. TEX.CIV.PRAC. & REM.CODEANN. §171.021(b). The non-movant can resist summary arbitration by raising an issue of material fact regarding the existence of the agreement or whether the claims fall within the scope of the agreement. *In re Jebbia*, 26 S.W.3d at 757. Additionally, the non-movant can resist summary arbitration by presenting some evidence supporting every element of a defensive claim that there is no enforceable agreement to arbitrate. *Id.* If the non-movant raises an issue of fact, then the trial court must forego summary disposition and conduct an evidentiary hearing. *See Kmart Stores of Texas*, 510 S.W.3d at 565. Conversely, if the movant carries its burden and the non-movant does not raise a material issue of fact, the trial court is required to compel arbitration. *In re Jebbia*, 26 S.W.3d at 757.

Appellant filed its motion to compel arbitration on August 22, 2018, and the trial court summarily denied the motion on August 30, 2018. Appellant timely filed its notice of appeal on September 5, 2018. Given that the motion to compel arbitration had been pending for only eight days when the trial court denied it, Jasso understandably argues that she did not have an opportunity to file a response to the motion. Jasso does not allege that she filed a motion in the trial court to set aside the order summarily denying the motion to compel arbitration, and she did

not file notice of appeal from the trial court's decision to rule on the motion without giving her an opportunity to first file a response. There is also no allegation or evidence that the trial court mistakenly denied the motion to compel arbitration.

Rule 29.5 provides that while an appeal from an interlocutory order is pending, the trial court retains jurisdiction of the case and unless prohibited by statute may make further orders, including one dissolving the order complained of on appeal. TEX.R.APP.P. 29.5. The court may not, however, make an order that (a) is inconsistent with a temporary order issued by an appellate court or (b) interferes with or impairs the jurisdiction of the appellate court or the effectiveness of any relief sought or granted on appeal. TEX.R.APP.P. 29.5(a), (b).

This Court frequently grants motions to stay all proceedings in the trial court during the pendency of an appeal from an order denying a motion to compel arbitration, but the circumstances of this case are unusual. We grant the motion to stay proceedings as follows: the trial court is directed to stay all proceedings in cause number 2018-DCV-1535, styled *Alorica and Alorica, Inc. v. Elvia Jasso*, except that the trial court may consider and rule on a motion filed by either party to vacate or set aside the August 30, 2018 order denying Appellant's motion to compel arbitration. The stay order remains in effect pending resolution of this appeal or further order of the Court. The trial court is not authorized to conduct a hearing on the motion to compel arbitration while this appeal remains pending. In the event the trial court vacates or sets aside the August 30, 2018 order, the parties are directed to notify the Court as soon as practicable.

IT IS SO ORDERED this 12th day of October, 2018.

PER CURIAM

Before McClure, C.J., Rodriguez and Palafox, JJ.