**Petition for Writ of Mandamus Conditionally Granted in Part and Denied in Part Memorandum Opinion filed July 13, 2023.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-22-00913-CV

_____

## IN RE BRIAN NGUYEN, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**80th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2022-63128**

---

## MEMORANDUM OPINION

On December 12, 2022, relator Brian Nguyen filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Jeralynn Manor, presiding judge of the 80th District Court of Harris County, to set aside the following orders of the trial court: (1) the October 12, 2022 order granting a temporary injunction; (2) the October 18, 2022, order granting sanctions

against Nguyen; (3) the October 18, 2022 order granting Nguyen's motion to compel arbitration only to the extent the trial court denied Nguyen's plea in abatement pending arbitration; and (4) the December 9, 2022 order denying Nguyen's motion for reconsideration and plea in abatement. We conditionally grant the petition for writ of mandamus in part and deny in part.

## I. BACKGROUND

On September 29, 2022, Fan Chen filed suit against Brian Nguyen seeking a declaratory judgment concerning his rights related to a dissolution of their law firm, Nguyen & Chen. Chen also sued for breach of contract and requested a temporary restraining order ("TRO"), temporary injunction, and permanent injunction against Nguyen. On September 30, 2022, the trial court signed an *ex parte* TRO restraining Nguyen as follows:

a. Restricting or interfering Chen's use or access to Old Firm assets and property, including but not limited to email, website, social media accounts, financial accounts, office space and supplies;

b. Restricting or impeding Chen's access to the Old Firm's domain name hosted by GoDaddy, including email addresses and archived emails;

c. Restricting or impeding Chen's access to the Old Firm's offsite storage unit;

d. Restricting or impeding Chen's access to the Old Firm's clients;

e. Restricting or impeding Chen's access to the Old Firm's client files, whether those files are in paper or electronic form;

f. Informing security or any other person that Chen is not allowed on the Old Firm's offices or offsite storage unit;

g. Pointing the Old Firm's website to the Nguyen Firm's website;

h. Listing the Old Firm's phone numbers as the Nguyen Firm's phone numbers;

i. Interfering with Chen's relationship with any of the Old Firm's clients, vendors, and his team members;

j. Transferring, using, or disposing of the Old Firm's money or collections.

Additionally, the trial court ordered Nguyen to produce documents within five days and give his deposition within four days of the documents being produced. The trial court also set a temporary injunction hearing for October 10, 2022.

On October 1, 2022, Nguyen filed an "emergency plea in abatement and emergency motion to compel contractually agreed ADR." Nguyen also filed a request for emergency hearing on his emergency plea in abatement and emergency motion to compel contractually agreed ADR. The next day, October 2, 2022, Nguyen filed a counterclaim against Chen subject to the motion to compel. In the underlying trial court, the parties agreed that the merits of the dispute were subject to mandatory arbitration under the parties' partnership agreement.[1]

---

[1] The partnership agreement provided:

Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be determined by final and binding arbitration administered by the American Arbitration Association ("AAA") under its Commercial Arbitration Rules and Mediation Procedures ("Commercial Rules"). The award rendered by the arbitrator shall be final and binding on the parties and may be entered and enforced in any court having jurisdiction. The seat or place of arbitration shall be Houston, TX. Each party shall pay its own legal and other costs relating to the arbitration regardless of the outcome. FC and BTN commit to resolve any conflicts or problems in good faith prior to escalating to arbitration.

Chen filed a motion for contempt alleging that Nguyen violated the trial court's September 30, 2022 TRO. Thereafter, on Thursday, October 6, 2022, the trial court conducted a hearing and ordered Nguyen's deposition to be taken between "now and Sunday" so that it would be completed by the Monday, October 10, 2022 temporary injunction hearing.

Chen noticed Nguyen's deposition for Sunday, October 9, 2022. On October 10, 2022, Chen filed a second motion for contempt alleging that Nguyen violated the September 30, 2022 deposition order when he "appeared by Zoom at 3:00 pm, but with his newborn child in his arms, a cacophony of sound from his other children playing musical instruments, an audio connection where the court report[er], counsel, and/or the videographer, and an all around [sic] farce of an 'appearance' to comply with [the] deposition [order]."

On October 10, 2022, the trial court conducted a hearing on Chen's request for a temporary injunction. At the hearing, the trial court granted Chen a temporary injunction stating as follows:

> At this time the Court finds for the plaintiff. I'm going to order temporary injunction with the same language that allows access to the plaintiff's 20 or so attorneys that have moved along with him to have access to the e-mail, and that – it would do both of you well to get together on how to decide the access carries over to the plaintiff so that defendant doesn't have to bear the financial burden.
>
> * * *
>
> The language in the TRO that addresses the social media as well as the e-mail as well as the Web site is to remain the same except when it

---

This agreement will be governed by and construed in accordance with the laws of the State of Texas.

comes to the e-mail. His team should have access to the GoDaddy, and at some point should come up with a way to transfer the financial liability over to the plaintiff.

The trial court signed Chen's application for temporary injunction on October 12, 2022.

On October 17, 2022, the trial court began a hearing on Chen's second motion for contempt and sanctions. During the hearing, however, Chen's counsel abandoned contempt and elected to move for sanctions on the issue of Nguyen's failure to appear for deposition. Although Nguyen's counsel opposed going forward on a sanctions hearing because it was not properly noticed, the trial court disagreed and proceeded with an evidentiary hearing on sanctions. The trial court found in favor of Chen and sanctioned Nguyen in the amount of $9,900.00.

Additionally, during the hearing on October 17, the trial court heard Nguyen's motion to compel arbitration and plea in abatement. The trial court commented on the record about arbitration and abatement:

I know that this case – I can look at the language and tell that it is going to arbitration, but as I stated earlier, I'm not going to abate the case while it's going to arbitration because there's too many – there's too many temporary – there's too many injunctive problems associated with the case at this time.

* * *

But like I said, I'm not going to abate the case. So what I'm going to ask you to do is – you can draft an order that I'll sign compelling this case to arbitration, but the – the temporary restraining order is still in – I mean, the TI is still in effect.

5

On October 18, 2022, the trial court granted Nguyen's motion to compel arbitration; however, the trial court denied Nguyen's motion to abate the case pending arbitration. Additionally, on October 18, 2022, the trial court memorialized the sanctions against Nguyen for his conduct during a court ordered deposition. In the order, the trial court found as follows:

> The Court finds that that Brian Nguyen failed to appear for his deposition as previously Order by this Court on or before October 6, 2022 and then subsequently on or before October 9, 2022. The Court finds that Brian Nguyen, while physically present on October 9, 2022 for a video deposition, failed to provide an environment without disturbance or distraction for the deposition to be conducted in any meaningful manner. Plaintiff, through his counsel, put on evidence of the costs associated with preparing for the deposition along with the costs from the videographer and court reporter. The Court finds that the attorney's fees in the amount of $8,990 were reasonable and necessary attorney's fees incurred for the preparation and taking of the deposition. In addition, the Court finds that the $500 cost for each, the videographer and court reporter, are reasonable.
>
> IT IS, THEREFORE, ORDERED, ADJUGED AND DECREED that Defendant Brian Nguyen is sanctioned for his misconducted associated with his deposition in the amount of $9,990. Defendant shall pay this amount to Plaintiff's counsel, Ashish Mahendru, within 10 days of this Court's entry of this Order.

Nguyen filed a motion requesting the trial court to reconsider its denial of his motion to abate the case pending arbitration as well as a motion to dissolve the temporary injunction.

On October 22, 2022, Nguyen filed a notice of appeal from the trial court's "Order Granting Brian Nguyen's Motion to Compel Contractually Agreed ADR and Denying Nguyen's Plea in Abatement." This Court dismissed his appeal for

want of jurisdiction. *See Nguyen v. Chen*, No. 14-22-00783-CV, 2023 WL 166820 (Tex. App.—Houston [14th Dist.] Jan. 12, 2023, no writ) (per curiam) (mem. op.).[2]

On December 9, 2022, the trial court denied Nguyen's motion to reconsider the denial of his request to abate pending arbitration and to dissolve the temporary injunction. This original proceeding followed.

In his petition for writ of mandamus, Nguyen argues that the trial court abused its discretion by signing the temporary injunction, ordering sanctions against Nguyen, and refusing to stay/abate the case pending arbitration. On February 13, 2023, this Court requested from Chen a response to Nguyen's petition for writ of mandamus. To date, Chen has not filed a response.

## II. ANALYSIS

### A. STANDARD OF REVIEW

Ordinarily, to be entitled to mandamus relief, relator must establish that (1) the trial court abused its discretion; and (2) no adequate remedy by appeal exists. *See In re Christianson Air Conditioning & Plumbing, LLC*, 639 S.W.3d 671, 681 (Tex. 2022) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302–03 (Tex. 2016) (orig. proceeding) (per curiam); *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). The relator

---

[2] We take judicial notice of our own records in the direct appeal–*i.e.*, the clerk's records and reporter's records–as they involve the same parties and the same subject matter. *See Douglas v. Am. Title Co.*, 196 S.W.3d 876, 878 n.1 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

must establish that the trial court could reasonably have reached only one decision. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

Because there is no provision allowing for the interlocutory appeal of the denial of a motion to abate pending arbitration, mandamus is the appropriate remedy to correct a clear abuse of discretion. *See Chambers v. O'Quinn*, 242 S.W.3d 30, 31–32 (Tex. 2007) (per curiam) (holding that neither the Texas Arbitration Act nor the Federal Arbitration Act provide for interlocutory appeals of orders granting or compelling arbitration).

**B. TRIAL COURT ERRED IN HOLDING A TEMPORARY INJUNCTION HEARING AND ISSUING A TEMPORARY INJUNCTION AFTER MOTION TO COMPEL ARBITRATION HAD BEEN INVOKED**

Nguyen asserts that the trial court abused its discretion by conducting an injunction hearing and issuing a temporary injunction after Nguyen filed an undisputed motion to compel arbitration.

Once the trial court concludes that that an agreement to arbitrate exists and that the claims raised are within the agreement's scope, the trial court has no discretion but to compel arbitration and stay its own proceedings pending arbitration. *See In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753–54 & n.11 (Tex. 2001) (orig. proceeding) (citing *Cantella & Co. v. Goodwin*, 924 S.W.2d 943, 944 (Tex. 1996) (orig. proceeding)). "[A] court is not to rule on the potential merits of the underlying claims. . . . [T]he [party]'s claim . . . is to be decided, not by the court asked to order arbitration, but as the parties have agreed, by the arbitrator." *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649–50 (1986). "'The courts, therefore, have no business weighing the merits of the grievance,

considering whether there is equity in a particular claim, or determining whether there is particular language in the written instrument which will support the claim. The agreement is to submit all grievances to arbitration, not merely those which the court will deem meritorious.'" *Id*. at 650 (quoting *United Steelworkers v. Am. Mfg. Co.*, 363 U.S. 564, 568 (1960)).

Thus, once Nguyen moved to compel arbitration on October 1, 2022, the trial court should not have delayed in referring the case to arbitration. Chen did not dispute that the partnership agreement contains a valid and enforceable arbitration provision. Here, however, the trial court injected itself into the merits of the parties' dispute by conducting an injunction hearing on October 10, 2022, and issuing a preliminary injunction on October 12, 2022, in an arbitrable dispute. *See Feldman/Matz Ints., L.L.P. v. Settlement Capital Corp.*, 140 S.W.3d 879, 886–87 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (concluding that its precedent in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. McCollum*, 666 S.W.2d 604, 608 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.) and Fifth Circuit precedent compelled the conclusion that injunctive relief is improper pending arbitration).

We conclude that the trial court abused its discretion by conducting an injunction hearing and issuing a temporary injunction after Nguyen filed an undisputed motion to compel arbitration.

## C. TRIAL COURT ERRED IN REFUSING TO STAY ITS OWN PROCEEDINGS AFTER GRANTING MOTION TO COMPEL ARBITRATION

Nguyen asserts that the trial court abused its discretion by denying on October 18, 2022, Nguyen's plea in abatement.

9

"If the movant has proven there is an arbitration agreement, as a matter of law, the court must compel arbitration, and a presumption arises that all disputed issues between the parties must be arbitrated." *In re Jebbia*, 26 S.W.3d 753, 757 (Tex. App.—Houston [14th Dist.] 2000, orig. proceeding). "[T]he trial court has no discretion but to compel arbitration and stay its own proceedings." *FirstMerit Bank, N.A.*, 52 S.W.3d at 753–54.

Accordingly, we conclude the trial court abused its discretion by denying Nguyen's plea in abatement of the trial court proceedings pending the arbitration.

## III.  CONCLUSION

Nguyen has established that he is entitled, in part, to mandamus relief. Accordingly, we conditionally grant relator's petition for writ of mandamus, in part, and direct the trial court to vacate its October 12, 2022 order granting a temporary injunction and the portion of its October 18, 2022 order denying Nguyen's plea in abatement pending arbitration. We are confident the trial court will act in accordance with this opinion and the writ will issue only if the trial court fails to comply. All other relief requested by Nguyen is denied.[3]

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Bourliot and Wilson.

---

[3] To the extent Nguyen seeks mandamus relief from the trial court's October 18, 2022 order granting sanctions against him, we deny the relief sought.