# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00079-CV

**AXA Financial, Inc.; AXA Advisors, L.L.C.; AXA Equitable Life Insurance Co., f/k/a Equitable Life Assurance Society of The United States and John Lefferts, Appellants**

**v.**

**C. Daniel Roberts as Chapter 7 Trustee of the Bankruptcy
Estate of L. Kent Abney, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT NO. D-1-GN-06-003736, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this combined original proceeding and accelerated interlocutory appeal, AXA Financial, Inc., AXA Advisors, L.L.C., AXA Equitable Life Insurance Co., f/k/a Equitable Life Assurance Society of the United States, and John Lefferts (collectively "relators") bring a petition for writ of mandamus and an interlocutory appeal complaining of the trial court's order denying arbitration. We previously consolidated the two proceedings,[1] and now dismiss the interlocutory appeal for lack of jurisdiction and deny the writ of mandamus.

---

[1] *See In re AXA Financial, Inc.*, 03-07-00078-CV (Tex. App.—Austin March 29, 2007) (mem. op.).

## FACTUAL AND PROCEDURAL BACKGROUND

C. Daniel Roberts, as Chapter 7 Trustee of the Bankruptcy Estate of L. Kent Abney, filed suit against relators in 2006, alleging breach of contract, fraud, breach of fiduciary duty, and constructive fraud stemming from Abney's association and employment relationship with relators.[2] In his pleadings, Abney alleges (1) that he served in various roles for the AXA entities from the mid-1990s to 2002, including as a "registered representative/agent selling financial products," manager, and "National Liaison to Professional Advisors," and (2) that Lefferts also worked for the AXA entities and with Abney from the mid-1990s to 2002, including allegedly sharing compensation with Abney due to "Abney's position and work." Abney's pleadings allege that he relinquished his role as manager in 2000 based upon representations by Lefferts and others that he would be offered a headquarters liaison position, and that relators wrongfully terminated his "Associate Agency Manager" contract after not following through on their commitment to Abney on the liaison position in 2002.

In response, relators in their answers raised the defense that Abney's claims were subject to binding arbitration. Thereafter, relators filed a motion to compel arbitration before the National Association of Securities Dealers ("NASD") and to stay the court proceedings pending the completion of arbitration. In their motion to compel, relators alleged that Abney executed a Uniform Application for Securities Industry Registration or Transfer ("Form U-4")[3] in approximately 1987.

---

[2] Abney declared bankruptcy in 2004, resulting in his claims being brought by the Chapter 7 bankruptcy trustee, C. Daniel Roberts.

[3] A Form U-4 is an agreement between self-regulatory organizations, including NASD and an applicant. *In re Prudential Ins. Co.*, 133 F.3d 225, 230 (3d Cir. 1998). The form was adopted in an effort to regulate the securities industry. *Id*. Texas courts have found the Form U-4 to be a

They further alleged that the Form U-4 contained a pre-dispute arbitration clause that incorporated by reference the arbitration provisions of the NASD Code, and that the Form U-4 and the NASD Code require arbitration of Abney's asserted claims.

Relators, however, did not include the 1987 executed Form U-4 as evidence in support of their motion. Relators attached as evidence an amended Form U-4 that Abney signed in May 2005, along with a NASD Rule 3080 Acknowledgment form and a 2005 letter from AXA Equitable Life Insurance Company to Abney.[4] The 2005 Form U-4 shows that Abney's firm was AXA Advisors, LLC. The NASD Rule 3080 Acknowledgment form includes the following language:

> The NASD Form U-4 contains a pre-dispute arbitration clause. You should read that clause now. Before signing the Form U-4, you should understand the following: (1) You are agreeing to arbitrate any dispute, claim or controversy that may arise between you and your firm, or a customer, or any other person, that is required to be arbitrated under the rules of the self-regulatory organizations with which you are registering.

contract that involves interstate commerce and its arbitration clause enforceable under the FAA. *In re Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 195 S.W.3d 807, 813 (Tex. App.—Dallas 2006, no pet.); *Wachovia Securities, LLC v. Emery*, 186 S.W.3d 107, 112 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding).

[4] The letter from AXA Equitable Life Insurance Company addressed Abney's refusal to agree to pre-dispute arbitration. The letter advised him that he was bound by the rules of NASD when he signed the U-4 application in 1987, including a consent to arbitrate any matters that arose between Abney and his "firm." Abney objected to the letter as hearsay. There is no written ruling on the objection in the clerk's record and there is no reporter's record of the hearing.

3

Abney, however, executed both the 2005 U-4 Form and the Rule 3080 Acknowledgment form subject to an attachment in which he expressly refused to consent to pre-dispute arbitration and reserved his right to file suit in a court of law.

Prior to a hearing on the motion to compel, the parties entered into a Rule 11 Agreement that Abney would not seek a continuance of the hearing in exchange for relators limiting their evidence to the evidence attached to their motion to compel. The parties further agreed that if relators located a 1987 Form U-4 signed by Abney, that they would produce it prior to the hearing, and Abney reserved the right to seek a continuance and additional discovery at that point.

At a hearing on relators' motion to compel, neither party presented any evidence or requested an evidentiary hearing. After the hearing, the trial court denied the motion with prejudice, finding that relators had failed to carry their burden to establish a valid agreement to arbitrate the disputed claims between the parties:

> After considering Defendants' Motion to Compel Arbitration and Stay Proceedings, the response, the pleadings, the evidence, and the arguments of counsel, if any, the Court finds that Defendants have failed to sustain their burden of proving the existence of a valid agreement to arbitrate the claims asserted in this dispute. Consequently, the Court finds Defendants' Motion to Compel Arbitration and Stay Proceedings to be without merit and DENIES the motion with prejudice.

Relators then filed a motion to reconsider, attaching additional evidence in support of their motion to compel. As additional evidence, relators provided an affidavit from a custodian of records, Form U-4s that Abney allegedly signed in 1989, 1994, and 2003, and a NASD Rule 3080 Acknowledgment form that Abney allegedly signed in 2003. The 2003 Form U-4 states that it is a "U4-Amendment." The affidavit from a custodian of records of "AXA Financial/AXA Equitable

4

Life Insurance Company" states that the Form U-4s and the Rule 3080 acknowledgment were kept in the ordinary course of business and that Equitable Life Assurance Society of the U.S. was a predecessor company to "AXA Financial/AXA Equitable Life Insurance Company."

The Form U-4s, similar to the 2005 Form U-4, contain language that Abney "agree[s] to arbitrate any dispute, claim or controversy that may arise between [Abney] and [his] firm, . . . or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the organization with which [he] register[s]." On the Form U-4s, Abney indicated that he was registering with NASD. The identified firm is "Equitable Life Assurance Society of the U.S." on the 1989 and 1994 Form U-4s, and the identified firm is "AXA Advisors, LLC" on the 2003 Form U-4.

Abney did not file a response to the motion to reconsider. The trial court considered the motion by submission and denied it. Relators' interlocutory appeal under the Texas Arbitration Act ("TAA")[5] and their petition for writ of mandamus under the Federal Arbitration Act ("FAA")[6] followed.

## ANALYSIS

When a trial court denies a motion to compel based on the TAA, the motion is reviewed by interlocutory appeal. Tex. Civ. Prac. & Rem. Code Ann. § 171.098 (West 2005). When the trial court denies a motion to compel based on the FAA, the motion is reviewed by mandamus. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). Because relators

---

[5] Tex. Civ. Prac. & Rem. Code Ann. §§ 171.001-.098 (West 2005).

[6] 9 U.S.C.A. §§ 1-16 (West 1999).

seek to compel arbitration under the TAA by interlocutory appeal and under the FAA by mandamus, we have consolidated the two proceedings and are rendering a decision disposing of both simultaneously.[7]

### *Interlocutory appeal under the TAA*

Turning first to relators' interlocutory appeal under the TAA, the interlocutory appeal of the denial of a motion to compel arbitration is accelerated. Tex. Civ. Prac. & Rem. Code Ann. § 171.098; Tex. R. App. P. 28.1. To timely perfect an accelerated appeal, the notice of appeal must be filed within twenty days after the order or judgment. Tex. R. App. P. 26.1(b); *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005).

Citing no authority, relators contend that their notice of appeal was timely because their appeal is from the trial court's denial of the motion to reconsider and their notice was filed within 20 days of that order, and the motion to reconsider was independently appealable. They contend that, by attaching additional evidence to the motion to reconsider, they started a new timetable for perfecting the accelerated appeal from the trial court's denial of their motion to compel arbitration. We disagree.

---

[7] The FAA does not preempt the TAA unless the TAA would refuse to enforce an arbitration agreement that the FAA would enforce so that both acts may apply in a given case. *In re D. Wilson Construction Co.*, 196 S.W.3d 774, 779-80 (Tex. 2006). The Texas Supreme Court has reasoned that when a court of appeals is confronted with an interlocutory appeal and a mandamus proceeding seeking to compel arbitration that the better course of action is to consolidate the two proceedings and render a decision that disposes of both simultaneously. *In re Valero Energy Corp.*, 968 S.W.2d 916, 916-17 (Tex. 1998).

Interlocutory orders may be appealed only if permitted by statute and only to the extent jurisdiction is conferred by statute. *Jack B. Anglin*, 842 S.W.2d at 272. The applicable provision of the TAA permitting interlocutory appeals from the denial of a motion to compel arbitration refers only to orders "denying an application to compel arbitration" and not to motions to reconsider the denial. Tex. Civ. Prac. & Rem. Code Ann. § 171.098. Relators' motion to reconsider was not independently appealable under the TAA so as to start a new timetable for perfecting the accelerated appeal. *See id.* (Subsection 171.098(b) specifies that "The appeal shall be taken in the manner and to the same extent as an appeal from an order or judgment in a civil action."); Tex. R. App. P. 28.1; *In re K.A.F.*, 160 S.W.3d at 926-27 (motion for new trial does not extend time to perfect accelerated appeal); *Digges v. Knowledge Alliance, Inc.*, 176 S.W.3d 463, 464 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (motion to reconsider order granting special appearance not "independently appealable"; court lacked jurisdiction over accelerated interlocutory appeal for failure to timely file notice of appeal); *Denton County v. Huther*, 43 S.W.3d 665, 667 (Tex. App.—Fort Worth 2001, no pet.) (order denying motion to reconsider and renewed plea to the jurisdiction not a distinct appealable interlocutory order with separate timetable for appeal).

Because relators failed to file their notice within the time prescribed from the order denying the motion to compel and because they only appealed the motion to reconsider, this Court lacks jurisdiction to consider the appeal. We, therefore, dismiss relators' interlocutory appeal under the TAA for lack of jurisdiction and consider relators' petition for mandamus under the FAA.

7

*Mandamus under the FAA*

Relators contend that the trial court abused its discretion by denying their motion to compel arbitration and their motion for reconsideration under the FAA. We disagree.

1.      *Standard of Review*

Mandamus will lie only to correct a clear abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Mandamus is appropriate to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re D. Wilson Construction Co.*, 196 S.W.3d 774, 780-81 (Tex. 2006). There is no adequate remedy by appeal when a trial court improperly denies a motion to compel arbitration under the FAA, and mandamus is the proper means for reviewing an order denying arbitration under the FAA. *Id.*

To be entitled to compel arbitration under the FAA, relators had the initial burden to establish (i) the existence of a valid arbitration agreement between the parties and (ii) that the claims Abney asserted against them fell within the scope of that agreement. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005); *In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 572-73 (Tex. 1999). "Generally under the FAA, state law governs whether a litigant agreed to arbitrate, and federal law governs the scope of an arbitration clause." *In re Weekley Homes, L.P.*, 180 S.W.3d 127, 130 (Tex. 2005). When the movant has proven there is an arbitration agreement between the parties, a presumption arises that all disputed issues between the parties must be arbitrated. *Kellogg*, 166 S.W.3d at 737; *In re Jebbia*, 26 S.W.3d 753, 757 (Tex. App.—Houston [14th Dist.] 2000, orig. proceeding).

8

2.      *The Procedure to be Followed on a Motion to Compel Arbitration*

A motion to compel arbitration is similar to a motion for partial summary judgment, subject to the same evidentiary standards. *In re Jebbia*, 26 S.W.3d at 756-57. No presumption of arbitrability arises until the court has found there is an enforceable arbitration agreement. *Id.* To compel arbitration on a summary motion, a trial court must first determine as a matter of law that the parties have agreed to arbitrate. *Id*. (citing *Jack B. Anglin*, 842 S.W.2d at 269). This burden of establishing the existence of the arbitration agreement is generally evidentiary. *See In re Oakwood Mobile Homes*, 987 S.W.2d at 573 (establishing the existence of the agreement, "Here, Oakwood met its burden of *presenting evidence* of an arbitration agreement that governs the dispute between the parties.") (emphasis added; citations omitted); *In re Koch Indus., Inc.*, 49 S.W.3d 439, 444 (Tex. App.—San Antonio 2001, orig. proceeding) ("The party seeking arbitration has the initial burden to present evidence of an arbitration agreement.").

Because a benefit of arbitration may lie in the expedited and less expensive disposition of a dispute, a trial court may summarily decide whether to compel arbitration on the basis of affidavits, pleadings, discovery, and stipulations. *Jack B. Anglin*, 842 S.W.2d at 269. In arriving at this procedure, the Texas Supreme Court drew from established summary judgment procedure. *Id.*; *In re Jebbia*, 26 S.W.3d at 756-57. But, if the party alleging an arbitration agreement cannot prove an agreement exists and that it requires arbitration of the issues in dispute as a matter of law on the basis of affidavits, pleadings, discovery, and stipulations, "it must seek an evidentiary hearing to compel arbitration." *In re Jebbia*, 26 S.W.3d at 758; *see also Jack B. Anglin*, 842 S.W.2d at 269; *In re Bunzl USA, Inc.*, 155 S.W.3d 202, 208 (Tex. App.—El Paso 2004, orig. proceeding).

9

The initial burden of the party seeking to compel arbitration—to establish the arbitration agreement's existence—includes proving the entity seeking to enforce the arbitration agreement was a party to it or had the right to enforce the agreement notwithstanding. *Mohamed v. Auto Nation USA Corp.*, 89 S.W.3d 830, 836-38 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (successor employer did not meet initial burden of showing an arbitration agreement that it could enforce as non-signatory); *Pepe Int'l Dev. Co. v. Pub Brewing Co.*, 915 S.W.2d 925, 931 (Tex. App.—Houston [1st Dist.] 1996, no writ) (combined appeal and orig. proceeding) (certain defendants were not parties to contracts and could not compel arbitration under the terms of the contracts).

If that summary proof intrinsically raises issues about the enforceability, scope or existence of the agreement, the movant's summary proof should include any evidence that resolves those issues without creating an issue of material fact. *In re Jebbia*, 26 S.W.3d at 757. To resist summary arbitration, the non-movant need only raise an issue of material fact as to the party's entitlement to arbitration. *Id.*

3.      *Establishing the Existence of an Arbitration Agreement*

Public policy favors the submission of disputes to arbitration, but arbitration is a creature of contract, and a clause requiring arbitration will be interpreted under contract principles. *In re Big 8 Food Stores, Ltd.*, 166 S.W.3d 869, 876 (Tex. App.—El Paso 2005, orig. proceeding); *Mohamed*, 89 S.W.3d at 835; *Belmont Constructors, Inc. v. Lyondell Petrochemical Co.*, 896 S.W.2d 352, 357 (Tex. App.—Houston [1st Dist.] 1995, no writ).

A party seeking to compel arbitration must establish its right to that remedy under the contract. A clause requiring arbitration will be enforced according to its plain meaning unless this would defeat the intention of the parties. The parties' agreement and intent to submit to arbitration must be unambiguous. *In re Big 8 Food Stores*, 166 S.W.3d at 875; *Porter & Clements, L.L.P. v. Stone*, 935 S.W.2d 217, 220 (Tex. App.—Houston [1st Dist.] 1996, orig. proceeding). When we are called upon to decide whether the parties have agreed to arbitrate, we do not resolve doubts or indulge a presumption in favor of arbitration. *In re Jebbia*, 26 S.W.3d at 757; *see also American Heritage Life Ins. Co. v. Lang*, 321 F.3d 533, 537-38 (5th Cir. 2003). Instead, we apply standard contract principles to determine whether a valid arbitration agreement exists. *Lang*, 321 F.3d at 538; *see also Ysleta Indep. Sch. Dist. v. Godinez*, 998 S.W.2d 700, 702 (Tex. App.—El Paso 1999, no pet.); *In re Big 8 Food Stores*, 166 S.W.3d at 876.

The existence of a valid agreement is determined by the substantive contract law of Texas. *Tenet Healthcare, Ltd. v. Cooper*, 960 S.W.2d 386, 388 (Tex. App.—Houston [14th Dist.] 1998, writ dism'd w.o.j.). For there to be an arbitration agreement under Texas contract law, there must be: (1) an offer; (2) an acceptance in compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution of the contract with the intent that it be mutual and binding. *McCulley Fine Arts Gallery, Inc. v. "X" Partners*, 860 S.W.2d 473, 477 (Tex. App.—El Paso 1993, no writ).

The issue then is whether relators sustained their burden to show that Abney contractually agreed to arbitrate the claims that he has asserted against each of them under the Form U-4s or other documents that were before the trial court. *See Oakwood Mobile Homes*, 987 S.W.2d

11

at 573. We conclude that relators did not sustain their burden of proving the existence of a valid agreement to arbitrate the claims asserted in this dispute with the evidence they presented with either their motion to compel arbitration or their motion to reconsider.

4.        *Motion to Compel Arbitration*

In support of their motion to compel arbitration, relators attached documents to their motion, all of which were signed in 2005 after the dispute occurred—a Form U-4 executed by Abney, a NASD Rule 3080 Acknowledgment form, and a letter from AXA Equitable Life Insurance Company to Abney. The motion was unverified and no affidavit was attached to the motion—only documents were attached.

The documents do not support compelling Abney to arbitrate the claims in his lawsuit. The forms were executed after the relevant time period asserted in Abney's pleadings and, on the forms, Abney expressly refused to arbitrate claims. AXA's letter to Abney was also from 2005. In sum, relators failed to produce any evidence of an agreement to arbitrate the dispute between the parties. The only alleged agreement before the court was a Form U-4 in which Abney specifically refused to arbitrate his claims. Reviewing the submitted evidence in light of Abney's pleaded claims, we cannot say that the trial court abused its discretion in denying the motion to compel arbitration.

5.        *Motion to Reconsider*

Relators attached additional evidence to their motion to reconsider—Form U-4s allegedly signed by Abney in 1989, 1994, and 2003, a NASD Rule 3080 Acknowledgment form

12

allegedly signed by Abney in 2003, and the custodial affidavit, but relators did not raise any new ground for compelling arbitration in the motion. They sought reconsideration based upon the additional evidence that was "not previously available." Relators contend on appeal, the evidence was properly before the court, citing Texas Rule of Civil Procedure 270 and *In re Nexion Health at Humble, Inc.*, 173 S.W.3d 67, 68-69 (Tex. 2005), and that the additional evidence requires the court to compel arbitration.

Texas Civil Procedure Rule 270 provides that a trial court may allow additional evidence to be offered at any time when it clearly appears to be necessary to the administration of justice. Tex. R. Civ. P. 270. A trial court's decision whether to reopen the evidence for the purpose of admitting new evidence is reviewed under the abuse of discretion standard. *Naguib v. Naguib*, 137 S.W.3d 367, 372-73 (Tex. App.—Dallas 2004, pet. denied). In determining whether to permit additional evidence, one factor that a trial court may consider under rule 270 is the moving party's due diligence in obtaining the evidence. *Id.* at 372. Relators' explanation for not attaching the additional evidence to their initial motion to compel was that it was "previously unavailable." This explanation fails to demonstrate due diligence in obtaining the documents.

Relators also contend that evidence attached to their motion to reconsider was properly before the court based upon *In re Nexion.* In *In re Nexion*, the initial motion to compel was sought under the TAA, and the motion to reconsider was sought under the FAA relying on evidence that supported a finding that "interstate commerce" was involved. 173 S.W.3d at 68-69. The court granted the writ and ordered arbitration on the new ground asserted in the motion to reconsider. *Id.* Relators, in contrast, did not urge a new ground in their motion to reconsider. *In re Nexion* does not

13

address a movant's procedural requirements for the admission of new evidence when no new ground is asserted in a motion to reconsider and leave to file additional evidence was not sought or granted.

The trial court, unlike in *In re Nexion,* also had before it a Rule 11 Agreement between the parties. The parties agreed:

> [Abney] agree[s] to forego discovery before the arbitration hearing with [relators'] agreement that [relators] will not rely on any evidence at the hearing other than what is attached to [relators'] Motion to Compel Arbitration. This is only about evidence and does not affect arguing the law. [Relators] did mention there is one possible exception: if [relators] do find a 1987 U-4 signed by Mr. Abney, [relators] will produce it prior to the hearing, can rely upon it and [Abney] reserves the right at that point to ask for continuance and some discovery.

There is no showing in the record that the Rule 11 Agreement between the parties was modified prior to filing the new evidence with the motion to reconsider. Under the Rule 11 Agreement, the relators bound themselves to the state of the evidentiary record as it was on the date of the hearing on the motion to compel. That record was not sufficient to compel arbitration. Without an agreed modification of the Rule 11 Agreement, relators were not free to alter the evidentiary record with new evidence. In light of the Rule 11 Agreement between the parties, we cannot say that the trial court abused its discretion in denying the motion to reconsider.

On the record properly before the trial court as of the date of the hearing on relators' motion to compel, the trial court reasonably concluded that relators did not establish the existence of an agreement to arbitrate the claims in dispute as a matter of law. Therefore, the court did not abuse its discretion by refusing to compel arbitration.

## CONCLUSION

Having found relators' notice of appeal untimely under the TAA and not proper, we dismiss the interlocutory appeal for lack of jurisdiction. We further deny the writ of mandamus under the FAA. We conclude that the trial court did not abuse its discretion in denying the motion to compel arbitration and stay the proceedings and in denying the motion to reconsider.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Dismissed for Want of Jurisdiction

Filed:   August 23, 2007

15