TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00079-CV






AXA Financial, Inc.; AXA Advisors, L.L.C.; AXA Equitable Life Insurance Co., f/k/a
Equitable Life Assurance Society of The United States and John Lefferts, Appellants


v.


C. Daniel Roberts as Chapter 7 Trustee of the Bankruptcy

Estate of L. Kent Abney, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT

NO. D-1-GN-06-003736, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING



 

M E M O R A N D U M O P I N I O N


 In this combined original proceeding and accelerated interlocutory appeal, AXA
Financial, Inc., AXA Advisors, L.L.C., AXA Equitable Life Insurance Co., f/k/a Equitable Life
Assurance Society of the United States, and John Lefferts (collectively "relators") bring a petition
for writ of mandamus and an interlocutory appeal complaining of the trial court's order denying
arbitration. We previously consolidated the two proceedings, (1) and now dismiss the interlocutory
appeal for lack of jurisdiction and deny the writ of mandamus.

 


FACTUAL AND PROCEDURAL BACKGROUND

 C. Daniel Roberts, as Chapter 7 Trustee of the Bankruptcy Estate of L. Kent Abney,
filed suit against relators in 2006, alleging breach of contract, fraud, breach of fiduciary duty,
and constructive fraud stemming from Abney's association and employment relationship with
relators. (2) In his pleadings, Abney alleges (1) that he served in various roles for the AXA entities
from the mid-1990s to 2002, including as a "registered representative/agent selling financial
products," manager, and "National Liaison to Professional Advisors," and (2) that Lefferts also
worked for the AXA entities and with Abney from the mid-1990s to 2002, including allegedly
sharing compensation with Abney due to "Abney's position and work." Abney's pleadings allege
that he relinquished his role as manager in 2000 based upon representations by Lefferts and others
that he would be offered a headquarters liaison position, and that relators wrongfully terminated his
"Associate Agency Manager" contract after not following through on their commitment to Abney
on the liaison position in 2002.

 In response, relators in their answers raised the defense that Abney's claims were
subject to binding arbitration. Thereafter, relators filed a motion to compel arbitration before the
National Association of Securities Dealers ("NASD") and to stay the court proceedings pending the
completion of arbitration. In their motion to compel, relators alleged that Abney executed a Uniform
Application for Securities Industry Registration or Transfer ("Form U-4") (3) in approximately 1987.
They further alleged that the Form U-4 contained a pre-dispute arbitration clause that incorporated
by reference the arbitration provisions of the NASD Code, and that the Form U-4 and the NASD
Code require arbitration of Abney's asserted claims.

 Relators, however, did not include the 1987 executed Form U-4 as evidence in
support of their motion. Relators attached as evidence an amended Form U-4 that Abney signed
in May 2005, along with a NASD Rule 3080 Acknowledgment form and a 2005 letter from AXA
Equitable Life Insurance Company to Abney. (4) The 2005 Form U-4 shows that Abney's firm
was AXA Advisors, LLC. The NASD Rule 3080 Acknowledgment form includes the following
language:


 The NASD Form U-4 contains a pre-dispute arbitration clause. You should read that
clause now. Before signing the Form U-4, you should understand the following: 
(1) You are agreeing to arbitrate any dispute, claim or controversy that may arise
between you and your firm, or a customer, or any other person, that is required to be
arbitrated under the rules of the self-regulatory organizations with which you are
registering.



Abney, however, executed both the 2005 U-4 Form and the Rule 3080 Acknowledgment form
subject to an attachment in which he expressly refused to consent to pre-dispute arbitration and
reserved his right to file suit in a court of law.

 Prior to a hearing on the motion to compel, the parties entered into a Rule 11
Agreement that Abney would not seek a continuance of the hearing in exchange for relators limiting
their evidence to the evidence attached to their motion to compel. The parties further agreed that if
relators located a 1987 Form U-4 signed by Abney, that they would produce it prior to the hearing,
and Abney reserved the right to seek a continuance and additional discovery at that point.

 At a hearing on relators' motion to compel, neither party presented any evidence or
requested an evidentiary hearing. After the hearing, the trial court denied the motion with prejudice,
finding that relators had failed to carry their burden to establish a valid agreement to arbitrate the
disputed claims between the parties:


 After considering Defendants' Motion to Compel Arbitration and Stay Proceedings,
the response, the pleadings, the evidence, and the arguments of counsel, if any, the
Court finds that Defendants have failed to sustain their burden of proving the
existence of a valid agreement to arbitrate the claims asserted in this dispute.
Consequently, the Court finds Defendants' Motion to Compel Arbitration and Stay
Proceedings to be without merit and DENIES the motion with prejudice.



 Relators then filed a motion to reconsider, attaching additional evidence in support
of their motion to compel. As additional evidence, relators provided an affidavit from a custodian
of records, Form U-4s that Abney allegedly signed in 1989, 1994, and 2003, and a NASD Rule 3080
Acknowledgment form that Abney allegedly signed in 2003. The 2003 Form U-4 states that it is a
"U4-Amendment." The affidavit from a custodian of records of "AXA Financial/AXA Equitable
Life Insurance Company" states that the Form U-4s and the Rule 3080 acknowledgment were kept
in the ordinary course of business and that Equitable Life Assurance Society of the U.S. was a
predecessor company to "AXA Financial/AXA Equitable Life Insurance Company."

 The Form U-4s, similar to the 2005 Form U-4, contain language that Abney "agree[s]
to arbitrate any dispute, claim or controversy that may arise between [Abney] and [his] firm, . . . or
any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of
the organization with which [he] register[s]." On the Form U-4s, Abney indicated that he
was registering with NASD. The identified firm is "Equitable Life Assurance Society of the U.S."
on the 1989 and 1994 Form U-4s, and the identified firm is "AXA Advisors, LLC" on the 2003
Form U-4.

 Abney did not file a response to the motion to reconsider. The trial court considered
the motion by submission and denied it. Relators' interlocutory appeal under the Texas Arbitration
Act ("TAA") (5) and their petition for writ of mandamus under the Federal Arbitration Act ("FAA") (6) 
followed.


ANALYSIS

 When a trial court denies a motion to compel based on the TAA, the motion is
reviewed by interlocutory appeal. Tex. Civ. Prac. & Rem. Code Ann. § 171.098 (West 2005). When
the trial court denies a motion to compel based on the FAA, the motion is reviewed by mandamus. 
Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). Because relators
seek to compel arbitration under the TAA by interlocutory appeal and under the FAA by mandamus,
we have consolidated the two proceedings and are rendering a decision disposing of both
simultaneously. (7)


Interlocutory appeal under the TAA

 Turning first to relators' interlocutory appeal under the TAA, the interlocutory appeal
of the denial of a motion to compel arbitration is accelerated. Tex. Civ. Prac. & Rem. Code Ann.
§ 171.098; Tex. R. App. P. 28.1. To timely perfect an accelerated appeal, the notice of appeal
must be filed within twenty days after the order or judgment. Tex. R. App. P. 26.1(b); In re K.A.F.,
160 S.W.3d 923, 927 (Tex. 2005).

 Citing no authority, relators contend that their notice of appeal was timely because
their appeal is from the trial court's denial of the motion to reconsider and their notice was filed
within 20 days of that order, and the motion to reconsider was independently appealable. They
contend that, by attaching additional evidence to the motion to reconsider, they started a new
timetable for perfecting the accelerated appeal from the trial court's denial of their motion to compel
arbitration. We disagree.

 Interlocutory orders may be appealed only if permitted by statute and only to the
extent jurisdiction is conferred by statute. Jack B. Anglin, 842 S.W.2d at 272. The applicable
provision of the TAA permitting interlocutory appeals from the denial of a motion to compel
arbitration refers only to orders "denying an application to compel arbitration" and not to motions
to reconsider the denial. Tex. Civ. Prac. & Rem. Code Ann. § 171.098. Relators' motion to
reconsider was not independently appealable under the TAA so as to start a new timetable for
perfecting the accelerated appeal. See id. (Subsection 171.098(b) specifies that "The appeal shall
be taken in the manner and to the same extent as an appeal from an order or judgment in a civil
action."); Tex. R. App. P. 28.1; In re K.A.F., 160 S.W.3d at 926-27 (motion for new trial does not
extend time to perfect accelerated appeal); Digges v. Knowledge Alliance, Inc., 176 S.W.3d 463, 464
(Tex. App.--Houston [1st Dist.] 2004, no pet.) (motion to reconsider order granting special
appearance not "independently appealable"; court lacked jurisdiction over accelerated interlocutory
appeal for failure to timely file notice of appeal); Denton County v. Huther, 43 S.W.3d 665, 667
(Tex. App.--Fort Worth 2001, no pet.) (order denying motion to reconsider and renewed plea to the
jurisdiction not a distinct appealable interlocutory order with separate timetable for appeal).

 Because relators failed to file their notice within the time prescribed from the order
denying the motion to compel and because they only appealed the motion to reconsider, this Court
lacks jurisdiction to consider the appeal. We, therefore, dismiss relators' interlocutory appeal under
the TAA for lack of jurisdiction and consider relators' petition for mandamus under the FAA.




Mandamus under the FAA

 Relators contend that the trial court abused its discretion by denying their motion to
compel arbitration and their motion for reconsideration under the FAA. We disagree.


 1. Standard of Review

 Mandamus will lie only to correct a clear abuse of discretion. Walker v. Packer,
827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Mandamus is appropriate to correct a clear
abuse of discretion when there is no adequate remedy by appeal. In re D. Wilson Construction Co.,
196 S.W.3d 774, 780-81 (Tex. 2006). There is no adequate remedy by appeal when a trial court
improperly denies a motion to compel arbitration under the FAA, and mandamus is the proper means
for reviewing an order denying arbitration under the FAA. Id.

 To be entitled to compel arbitration under the FAA, relators had the initial burden to
establish (i) the existence of a valid arbitration agreement between the parties and (ii) that the claims
Abney asserted against them fell within the scope of that agreement. See In re Kellogg Brown
& Root, Inc., 166 S.W.3d 732, 737 (Tex. 2005); In re Oakwood Mobile Homes, Inc., 987 S.W.2d
571, 572-73 (Tex. 1999). "Generally under the FAA, state law governs whether a litigant agreed to
arbitrate, and federal law governs the scope of an arbitration clause." In re Weekley Homes, L.P.,
180 S.W.3d 127, 130 (Tex. 2005). When the movant has proven there is an arbitration agreement
between the parties, a presumption arises that all disputed issues between the parties must be
arbitrated. Kellogg, 166 S.W.3d at 737; In re Jebbia, 26 S.W.3d 753, 757 (Tex. App.--Houston
[14th Dist.] 2000, orig. proceeding).


 2. The Procedure to be Followed on a Motion to Compel Arbitration

 A motion to compel arbitration is similar to a motion for partial summary judgment,
subject to the same evidentiary standards. In re Jebbia, 26 S.W.3d at 756-57. No presumption of
arbitrability arises until the court has found there is an enforceable arbitration agreement. Id. To
compel arbitration on a summary motion, a trial court must first determine as a matter of law that the
parties have agreed to arbitrate. Id. (citing Jack B. Anglin, 842 S.W.2d at 269). This burden of
establishing the existence of the arbitration agreement is generally evidentiary. See In re Oakwood
Mobile Homes, 987 S.W.2d at 573 (establishing the existence of the agreement, "Here, Oakwood
met its burden of presenting evidence of an arbitration agreement that governs the dispute between
the parties.") (emphasis added; citations omitted); In re Koch Indus., Inc., 49 S.W.3d 439, 444
(Tex. App.--San Antonio 2001, orig. proceeding) ("The party seeking arbitration has the initial
burden to present evidence of an arbitration agreement.").

 Because a benefit of arbitration may lie in the expedited and less expensive
disposition of a dispute, a trial court may summarily decide whether to compel arbitration on the
basis of affidavits, pleadings, discovery, and stipulations. Jack B. Anglin, 842 S.W.2d at 269. In
arriving at this procedure, the Texas Supreme Court drew from established summary judgment
procedure. Id.; In re Jebbia, 26 S.W.3d at 756-57. But, if the party alleging an arbitration agreement
cannot prove an agreement exists and that it requires arbitration of the issues in dispute as a matter
of law on the basis of affidavits, pleadings, discovery, and stipulations, "it must seek an evidentiary
hearing to compel arbitration." In re Jebbia, 26 S.W.3d at 758; see also Jack B. Anglin, 842 S.W.2d
at 269; In re Bunzl USA, Inc., 155 S.W.3d 202, 208 (Tex. App.--El Paso 2004, orig. proceeding).

 The initial burden of the party seeking to compel arbitration--to establish the
arbitration agreement's existence--includes proving the entity seeking to enforce the arbitration
agreement was a party to it or had the right to enforce the agreement notwithstanding. Mohamed
v. Auto Nation USA Corp., 89 S.W.3d 830, 836-38 (Tex. App.--Houston [1st Dist.] 2002, no pet.)
(successor employer did not meet initial burden of showing an arbitration agreement that it could
enforce as non-signatory); Pepe Int'l Dev. Co. v. Pub Brewing Co., 915 S.W.2d 925, 931

(Tex. App.--Houston [1st Dist.] 1996, no writ) (combined appeal and orig. proceeding) (certain
defendants were not parties to contracts and could not compel arbitration under the terms of
the contracts).

 If that summary proof intrinsically raises issues about the enforceability, scope or
existence of the agreement, the movant's summary proof should include any evidence that resolves
those issues without creating an issue of material fact. In re Jebbia, 26 S.W.3d at 757. To resist
summary arbitration, the non-movant need only raise an issue of material fact as to the party's
entitlement to arbitration. Id.


 3. Establishing the Existence of an Arbitration Agreement

 Public policy favors the submission of disputes to arbitration, but arbitration is a
creature of contract, and a clause requiring arbitration will be interpreted under contract principles. 
In re Big 8 Food Stores, Ltd., 166 S.W.3d 869, 876 (Tex. App.--El Paso 2005, orig. proceeding);
Mohamed, 89 S.W.3d at 835; Belmont Constructors, Inc. v. Lyondell Petrochemical Co., 896 S.W.2d
352, 357 (Tex. App.--Houston [1st Dist.] 1995, no writ).

 A party seeking to compel arbitration must establish its right to that remedy under the
contract. A clause requiring arbitration will be enforced according to its plain meaning unless this
would defeat the intention of the parties. The parties' agreement and intent to submit to arbitration
must be unambiguous. In re Big 8 Food Stores, 166 S.W.3d at 875; Porter & Clements, L.L.P.
v. Stone, 935 S.W.2d 217, 220 (Tex. App.--Houston [1st Dist.] 1996, orig. proceeding). When we
are called upon to decide whether the parties have agreed to arbitrate, we do not resolve doubts or
indulge a presumption in favor of arbitration. In re Jebbia, 26 S.W.3d at 757; see also American
Heritage Life Ins. Co. v. Lang, 321 F.3d 533, 537-38 (5th Cir. 2003). Instead, we apply standard
contract principles to determine whether a valid arbitration agreement exists. Lang, 321 F.3d at 538;
see also Ysleta Indep. Sch. Dist. v. Godinez, 998 S.W.2d 700, 702 (Tex. App.--El Paso 1999,
no pet.); In re Big 8 Food Stores, 166 S.W.3d at 876.

 The existence of a valid agreement is determined by the substantive contract law of
Texas. Tenet Healthcare, Ltd. v. Cooper, 960 S.W.2d 386, 388 (Tex. App.--Houston [14th Dist.]
1998, writ dism'd w.o.j.). For there to be an arbitration agreement under Texas contract law, there
must be: (1) an offer; (2) an acceptance in compliance with the terms of the offer; (3) a meeting of
the minds; (4) each party's consent to the terms; and (5) execution of the contract with the intent that
it be mutual and binding. McCulley Fine Arts Gallery, Inc. v. "X" Partners, 860 S.W.2d 473, 477
(Tex. App.--El Paso 1993, no writ).

 The issue then is whether relators sustained their burden to show that Abney
contractually agreed to arbitrate the claims that he has asserted against each of them under the Form
U-4s or other documents that were before the trial court. See Oakwood Mobile Homes, 987 S.W.2d
at 573. We conclude that relators did not sustain their burden of proving the existence of a valid
agreement to arbitrate the claims asserted in this dispute with the evidence they presented with either
their motion to compel arbitration or their motion to reconsider.


 4. Motion to Compel Arbitration

 In support of their motion to compel arbitration, relators attached documents to their
motion, all of which were signed in 2005 after the dispute occurred--a Form U-4 executed by
Abney, a NASD Rule 3080 Acknowledgment form, and a letter from AXA Equitable Life Insurance
Company to Abney. The motion was unverified and no affidavit was attached to the motion--only
documents were attached.

 The documents do not support compelling Abney to arbitrate the claims in his
lawsuit. The forms were executed after the relevant time period asserted in Abney's pleadings and,
on the forms, Abney expressly refused to arbitrate claims. AXA's letter to Abney was also from
2005. In sum, relators failed to produce any evidence of an agreement to arbitrate the dispute
between the parties. The only alleged agreement before the court was a Form U-4 in which Abney
specifically refused to arbitrate his claims. Reviewing the submitted evidence in light of Abney's
pleaded claims, we cannot say that the trial court abused its discretion in denying the motion to
compel arbitration.


 5. Motion to Reconsider

 Relators attached additional evidence to their motion to reconsider--Form U-4s
allegedly signed by Abney in 1989, 1994, and 2003, a NASD Rule 3080 Acknowledgment form
allegedly signed by Abney in 2003, and the custodial affidavit, but relators did not raise any new
ground for compelling arbitration in the motion. They sought reconsideration based upon the
additional evidence that was "not previously available." Relators contend on appeal, the evidence
was properly before the court, citing Texas Rule of Civil Procedure 270 and In re Nexion Health at
Humble, Inc., 173 S.W.3d 67, 68-69 (Tex. 2005), and that the additional evidence requires the court
to compel arbitration.

 Texas Civil Procedure Rule 270 provides that a trial court may allow additional
evidence to be offered at any time when it clearly appears to be necessary to the administration of
justice. Tex. R. Civ. P. 270. A trial court's decision whether to reopen the evidence for the purpose
of admitting new evidence is reviewed under the abuse of discretion standard. Naguib v. Naguib,
137 S.W.3d 367, 372-73 (Tex. App.--Dallas 2004, pet. denied). In determining whether to permit
additional evidence, one factor that a trial court may consider under rule 270 is the moving party's
due diligence in obtaining the evidence. Id. at 372. Relators' explanation for not attaching the
additional evidence to their initial motion to compel was that it was "previously unavailable." This
explanation fails to demonstrate due diligence in obtaining the documents.

 Relators also contend that evidence attached to their motion to reconsider was
properly before the court based upon In re Nexion. In In re Nexion, the initial motion to compel was
sought under the TAA, and the motion to reconsider was sought under the FAA relying on evidence
that supported a finding that "interstate commerce" was involved. 173 S.W.3d at 68-69. The court
granted the writ and ordered arbitration on the new ground asserted in the motion to reconsider. Id. 
Relators, in contrast, did not urge a new ground in their motion to reconsider. In re Nexion does not
address a movant's procedural requirements for the admission of new evidence when no new ground
is asserted in a motion to reconsider and leave to file additional evidence was not sought or granted.

 The trial court, unlike in In re Nexion, also had before it a Rule 11 Agreement
between the parties. The parties agreed:


 [Abney] agree[s] to forego discovery before the arbitration hearing with [relators']
agreement that [relators] will not rely on any evidence at the hearing other than what
is attached to [relators'] Motion to Compel Arbitration. This is only about evidence
and does not affect arguing the law. [Relators] did mention there is one possible
exception: if [relators] do find a 1987 U-4 signed by Mr. Abney, [relators] will
produce it prior to the hearing, can rely upon it and [Abney] reserves the right at that
point to ask for continuance and some discovery.



There is no showing in the record that the Rule 11 Agreement between the parties was modified prior
to filing the new evidence with the motion to reconsider. Under the Rule 11 Agreement, the relators
bound themselves to the state of the evidentiary record as it was on the date of the hearing on
the motion to compel. That record was not sufficient to compel arbitration. Without an agreed
modification of the Rule 11 Agreement, relators were not free to alter the evidentiary record with
new evidence. In light of the Rule 11 Agreement between the parties, we cannot say that the trial
court abused its discretion in denying the motion to reconsider.

 On the record properly before the trial court as of the date of the hearing on relators'
motion to compel, the trial court reasonably concluded that relators did not establish the existence
of an agreement to arbitrate the claims in dispute as a matter of law. Therefore, the court did not
abuse its discretion by refusing to compel arbitration.


CONCLUSION

 Having found relators' notice of appeal untimely under the TAA and not proper, we
dismiss the interlocutory appeal for lack of jurisdiction. We further deny the writ of mandamus
under the FAA. We conclude that the trial court did not abuse its discretion in denying the motion
to compel arbitration and stay the proceedings and in denying the motion to reconsider.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Dismissed for Want of Jurisdiction

Filed: August 23, 2007

1. See In re AXA Financial, Inc., 03-07-00078-CV (Tex. App.--Austin March 29, 2007)
(mem. op.).
2. Abney declared bankruptcy in 2004, resulting in his claims being brought by the Chapter
7 bankruptcy trustee, C. Daniel Roberts. 
3. A Form U-4 is an agreement between self-regulatory organizations, including NASD and
an applicant. In re Prudential Ins. Co., 133 F.3d 225, 230 (3d Cir. 1998). The form was adopted in
an effort to regulate the securities industry. Id. Texas courts have found the Form U-4 to be a
contract that involves interstate commerce and its arbitration clause enforceable under the FAA. 
In re Merrill Lynch, Pierce, Fenner & Smith, Inc., 195 S.W.3d 807, 813 (Tex. App.--Dallas 2006,
no pet.); Wachovia Securities, LLC v. Emery, 186 S.W.3d 107, 112 (Tex. App.--Houston [1st Dist.]
2005, orig. proceeding).
4. The letter from AXA Equitable Life Insurance Company addressed Abney's refusal to
agree to pre-dispute arbitration. The letter advised him that he was bound by the rules of NASD
when he signed the U-4 application in 1987, including a consent to arbitrate any matters that arose
between Abney and his "firm." Abney objected to the letter as hearsay. There is no written ruling
on the objection in the clerk's record and there is no reporter's record of the hearing. 
5. Tex. Civ. Prac. & Rem. Code Ann. §§ 171.001-.098 (West 2005).
6. 9 U.S.C.A. §§ 1-16 (West 1999).
7. The FAA does not preempt the TAA unless the TAA would refuse to enforce an arbitration
agreement that the FAA would enforce so that both acts may apply in a given case. In re D. Wilson
Construction Co., 196 S.W.3d 774, 779-80 (Tex. 2006). The Texas Supreme Court has reasoned
that when a court of appeals is confronted with an interlocutory appeal and a mandamus proceeding
seeking to compel arbitration that the better course of action is to consolidate the two proceedings
and render a decision that disposes of both simultaneously. In re Valero Energy Corp., 968 S.W.2d
916, 916-17 (Tex. 1998).